IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ORUM & ROTH LLC                              )
                                             )
                        Plaintiff,           )   Case No. 11-cv-04882
                                             )
                 v.                          )
                                             )
STAGES MUSIC HALL, INC. and                  )
OPT-IT, INC.                                 )
                                             )   Jury Trial Demanded
                                             )
                        Defendant.           )
---------------------------------------------------------------x
```

**FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, Orum & Roth LLC ("Orum & Roth" or "Plaintiff"), and complaining of the Defendants, Stages Music Hall, Inc., d/b/a "Metro" ("Metro") and Opt-It, Inc. ("Opt-It"), states as follows:

**NATURE OF THE CASE**

1. Metro operates a concert venue located at 3730 North Clark Street, Chicago, IL. In an effort to promote its concerts, other events and its website, Metro engaged in a marketing campaign through unauthorized text messages sent to cellular telephones. Metro retained the company Opt-It to send mass texts advertising Metro in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 *et seq.* ("ICFA").

**PARTIES**

2. Plaintiff, Orum & Roth, is an Illinois limited liability company.

3. Defendant, Metro, is an Illinois corporation with its principal place of business in Chicago, IL.

4. Defendant, Opt-It, is an Illinois corporation with its principal place of business in Chicago, IL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(a) (TCPA). This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391 (b)(1).

## FACTS RELATING TO DEFENDANTS

7. Metro and Opt-It have engaged in a marketing campaign using Short Message Service. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

8. Defendants intentionally caused mass transmissions of wireless spam to the cell phones of what it hoped were potential customers of Metro. Plaintiff owns a phone number for a cellular phone to which the Defendant sent at least 40 and perhaps up to 70 or more unauthorized text messages beginning in October or November 2010, despite being requested to stop sending the unauthorized text messages. Those unauthorized text messages advertised concerts, other

events at Metro's place of business and Metro's website. The text messages contained a link to Metro's website using "bitly", a URL shortening service. Each text message was sent from a shared short code, a 5 digit number used to send and receive SMS or text messages on cellular networks. The messages were sent using Opt-It's short code, identified in the wireless spam as "46786".

9. On information and belief, Metro retained Opt-It to send SMS or text messages to Metro's customers and potential customers. Opt-It was at all times alleged in this action an agent of Metro and was acting under Metro's direction, control and authority, therefore subjecting Metro to vicarious liability for Opt-It's actions. Moreover, under the TCPA the entity on whose behalf the messages were sent is liable, along with the sender, for any violation of the TCPA.

10. On information and belief, based on the fact that the Plaintiff continued to receive multiple texts advertising Metro's concerts, events and website, and based on the fact that the messages were not personalized in any manner, the messages were sent from a mass dialing.

11. Plaintiff did not have a prior business or other relationship with Metro, nor has Plaintiff authorized Metro to send unauthorized advertisements to it by text message.

## COUNT I

### (Violation of the TCPA, 47 U.S.C. § 227)

12. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 to 11, as and for the allegations of paragraph 12, as if fully set forth herein.

13. Defendants made unsolicited commercial text calls to the wireless telephone number of Plaintiff using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. These text calls at issue in this Complaint were made without the prior express consent of Plaintiff, and in fact Plaintiff objected to receiving the majority of the texts.

15. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a … cellular telephone service" As a result of Defendants' illegal conduct, the Plaintiff suffered actual damages and, under section 227(b)(3)(B), is each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation (unauthorized text) of the TCPA.

16. Defendants' misconduct was, on information and belief, willful and knowing, and therefore the Court should, pursuant to section 227(b)(3)(C) of the Act, treble the amount of statutory damages recoverable by the Plaintiff.

17. Unless enjoined from doing so, Defendants are likely to commit similar violations in the future as is evidenced by the indiscriminate nature of the unauthorized texts.

WHEREFORE, Plaintiff requests the following relief in favor of Plaintiff and against the Defendants:

    a. Actual damages;
    b. Statutory damages;
    c. Enhanced statutory damages for Defendants' willful conduct;
    d. An injunction against the further transmission of unsolicited text advertising to Plaintiff;
    e. Attorney's fees and costs; and
    f. Such other or further relief as the Court deems just and proper.

## COUNT II

### (Violation of the ICFA, 815 ILCS 505/2 *et seq*.,)

18. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 to 17, as and for the allegations of paragraph 18, as if fully set forth herein.

19. Defendants have engaged in unfair and deceptive acts and practices, in violation of the Illinois Consumer Fraud Act, ICFA § 2, 815 ILCS 505/2 *et seq.*, by sending unsolicited text messages to Plaintiff.

20. Plaintiff suffered damages as a result of receipt of the unsolicited text messages. These damages include the costs to receive the text messages and/or the dilution of the number or texts that Plaintiff may be able to use under a particular call plan, and damages for an invasion of the Plaintiff's privacy and/or being forced to incur nuisance, unwanted advertising texts.

21. Defendants engaged in such conduct in the course of trade and commerce.

22.     Defendants engaged in such conduct knowing, or willfully disregarding the fact, that it was causing the recipient damage.

23.     Defendants' illegal conduct gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail, authorized fax transmission, authorized telephone solicitation, etc.

24.     In addition, Defendants' conduct was contrary to public policy, as established by the TCPA and case law.

25.     On information and belief, Defendants knowingly and deliberately engaged in unlawful acts.

26.     Unless enjoined from doing so, Defendants are likely to commit similar violations in the future.

WHEREFORE, Plaintiff requests the following relief in favor of the Plaintiff and against the Defendants:

   a.   An award of actual and statutory damages;
   b.   Enhanced damages pursuant to the IFCA;
   c.   An injunction requiring Defendants to cease all wireless spam activities to the Plaintiff;
   d.   An award of reasonable attorneys' fees and costs; and
   e.   Such other and further relief the Court deems equitable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

                                                                              Orum & Roth, LLC

                                                  /s/ Mark D. Roth
                                                      Mark D. Roth

Mark D. Roth
53 West Jackson Blvd.
Suite 620
Chicago, IL 60604
312.922.6262 Ext. 240